HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTIAN DOSCHER,

        Plaintiff,

    v.

SWIFT TRANSPORTATION COMPANY, INC.,

        Defendant.

Case No. C10-5545RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Plaintiff's Motion to Amend Complaint [Dkt. #8], Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. #9], and Plaintiff's Motion for Sanctions [Dkt. #20]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

This case involves the second of two Complaints filed in this Court regarding plaintiff's employment at, and subsequent departure from, Swift Transportation. In the first Complaint, *Doscher v. Swift Transportation Co., Inc.,* C09-5582RJB ("*Doscher*"), the Honorable Robert J. Bryan granted defendant's Rule 12 (b)(5) and 12(b)(6) motion to dismiss. Judge Bryan dismissed the Complaint under Rule 12(b)(5) on the ground that the Court lacked personal jurisdiction over the defendant. (*Doscher I*, Dkt. #31). In that Order, Judge Bryan also ruled in the alternative that plaintiff's Complaint should be dismissed for the failure to state a claim under Rule 12(b)(6).

1    In the present Complaint, plaintiff again sued Swift Transportation. His claims include, *inter alia,*
2 violations of the Washington Law Against Discrimination, RCW 49.60, and allegations of fraud. He now
3 seeks leave to amend to add three individual defendants who all are employees of Swift. He does not
4 indicate that he intends to add new claims. Swift argues that plaintiff should not be allowed to amend his
5 Complaint to add the individuals because: (1) amendment would be futile because the statute of
6 limitations has run as to these individuals; (2) defendants would be unduly prejudiced by the amendment,
7 and; (3) plaintiff's sole purpose in amending is to destroy diversity jurisdiction.

8    Under Fed. R. Civ. P. 15, leave to amend a pleading is to be "freely given when justice so
9 requires." This liberal standard, however, does not mean that amendment is always permitted. In
10 deciding whether to grant a motion to amend, the court considers a number of factors, including undue
11 delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously
12 allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of
13 the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d
14 777, 785 (9th Cir. 1997). See also *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *Jacobson v. Rose*,
15 592 F.2d 515 (9th Cir. 1976).

16    Plaintiff left his employment at Swift Transportation on July 31, 2007. He filed his original
17 complaint on June 29, 2010 and filed the instant motion to amend on August 11, 2010.

18    The statute of limitations for claims made under the Washington Law Against Discrimination is
19 three years. *Washington v. Boeing Co.,* 105 Wn. App. 1, 7 (Div. 1, 2000). Likewise, a three-year statute
20 of limitations exists for fraud claims. RCW 4.16.080. His attempt to amend to add the three defendants
21 would thus be futile because they would be barred by the applicable statute of limitations unless they
22 would relate back to the date of the filing of his original Complaint.

23    Relation back of amendments is governed by Fed. R. Civ. P. 15(c). The Rule provides two
24 avenues for relation back: state law under Rule 15(c)(1)(A), or the federal rule itself under Rule
25 15(c)(1)(C). Whichever rule is more liberal should be used. *See* Advisory Comm. Note to 1991
26 Amendments to Rule 15(c)(1)(A). In this case it makes no difference because both under state relation
27 back law and the federal rule, relation back is only available when naming a new party when the failure to
28 name the party was due to a mistake concerning the <u>identity</u> of the proper party. *See Segaline v.*

*Department of Labor and Industries*, ___ P.3d ___, 2010 WL 3259872*7, (Wash., Aug. 19, 2010) ("the new party knew or should have known that, but for a mistake concerning identity of proper party, the plaintiff would have brought the action against him or her"); Fed. R. Civ. P. 15(c)(1)(C)(ii) ("knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.") The Rule is designed merely to allow correction of a formal defect such as a misnomer or misidentification. *See* Advisory Comm. Note to 1991 Amendments to Rule 15(c).

Here, there is no mistake about the identity of the three individuals. They were employees at Swift that plaintiff worked with. He mentions them in his Complaint in the facts section, yet he fails to name them as defendants. Under either Washington law or Rule 15(c)(1)(C), these amendments do not relate back and are thus barred by the applicable statute of limitations.

Furthermore, if the naming of the individual defendants would destroy diversity, the Court has the discretion to deny the amendment. 28 U.S.C. § 1447(e). Here, it appears the individual defendants are Washington residents, and as such the Court lacks subject matter jurisdiction over them because they are not diverse. Plaintiff's Motion to Amend is **DENIED.**

Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is based on their argument that plaintiff's Complaint is barred by the doctrine of *res judicata*. One of the prerequisites for *res judicata* is that there was a final judgment on the merits in the prior action. Judge Bryan dismissed *Doscher I* based on the lack of personal jurisdiction. To the extent he also ruled in the alternative on the merits, including that alternative ruling was wise for any potential review by the Ninth Circuit Court of Appeals; however, it is merely dicta insofar as it effects the ruling for this Court's purposes. By definition, dismissal for lack of personal jurisdiction is not on the merits and cannot operate as a final judgment on the merits for *res judicata* purposes. *See* Fed. R. Civ. P. 41(b); *Stewart v. US Bankcorp*, 297 F.3d 953, 956 (9th Cir. 2002). Defendant's Motion to Dismiss is **DENIED.**

Plaintiff's Motion for Sanctions is **DENIED**.

The Court has been informed by Clerk's Office staff that plaintiff has been abusive in his dealings with them. Although plaintiff is proceeding pro se, the Court expects Mr. Doscher to conduct himself in the manner of the attorneys who practice before it. Mr. Doscher shall treat the court staff and opposing

1 counsel with respect and in a professional manner.  If Mr. Doscher continues to be abusive of those he
2 deals with in this matter, the Court will take further actions up to and including the dismissal of this case.
3       Accordingly, Plaintiff's Motion to Amend Complaint [Dkt. #8] is **DENIED**; Defendant's Motion
4 to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. #9] is **DENIED**; and, Plaintiff's Motion for
5 Sanctions [Dkt. #20] is **DENIED.**

**IT IS SO ORDERED.**

Dated this 16th day of September, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 4