|   |   |   |
|---|---|---|
| 1 | | HONORABLE RONALD B. LEIGHTON |

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

CHRISTIAN DOSCHER,

    Plaintiff,

  v.

SWIFT TRANSPORTATION,

    Defendant.

CASE NO. C10-5545RBL

ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment [Dkt. #38], Plaintiff's Motion for Preliminary Injunction [Dkt. #74], Defendant's Motion to Strike (contained in their Opposition to Plaintiff's Motion for Summary Judgment) [Dkt. #57], and on the Court's own Motion, in light of these filings and the extensive record in this case.

The Court has reviewed the materials filed for and against the motions, including several pleadings filed by plaintiff well after the above-stated summary judgment motion was ripe and ready for decision [Dkt. #s 71 and 73]. Oral argument is not necessary to resolve the issues presented.

ORDER - 1

## BACKGROUND

In 2007, Plaintiff was employed by defendant Swift, a trucking company, as a freight truck driver. While working for defendant, plaintiff picked up a load from a contractor in Oregon for delivery in Washington. The contractor did not have an on-site truck scale to verify vehicle axle weight, meaning that plaintiff was unaware of his truck's loaded weight until he reached a highway scale. The load was apparently over the applicable weight limit, and plaintiff received a citation in Clark County, Washington. As required by the citation, plaintiff appeared in Clark County District Court and was assessed a $229 fine. Plaintiff asked his employer to pay the citation, and Swift refused.

After the incident involving the citation, plaintiff refused an assignment from defendant to pick up a load from a contractor that did not have on-site scales. This refusal caused defendant to issue a disciplinary report to defendant, citing his actions as insubordination. As a result of defendant's refusal to pay the citation and the issuance of the disciplinary report, plaintiff quit his employment with defendant. Plaintiff now collects full disability benefits from the Social Security Administration for mental disabilities that he alleges were caused by this occurrence.

## PROCEDURAL HISTORY

Plaintiff initiated a state court action in Thurston County in June 2009. He alleged three causes of action: defamation of character, outrage and negligence. The action was removed to federal court and became Cause No. C09-5582RJB ("Swift I"). Defendant filed a motion to dismiss based on failure of service in accordance with Fed. R. Civ. P. 12(b)(5) and failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). This Court granted the motion to dismiss for failure to perfect service of process. The order recognized that

the Court had no jurisdiction over the parties. As a part of the order, the Court also granted the motion to dismiss for failure to state a claim as to all claims except the negligence claim. [Dkt. #14]. A motion for reconsideration filed by plaintiff was denied [Dkt. #19]. Plaintiff amended the complaint and again failed to properly serve. The Court again granted the motion to dismiss pursuant to 12(b)(5) and again granted the 12(b)(6) motion in the alternative [Dkt. #31]. Again, a motion for reconsideration was filed and rejected by the Court [Dkt. #34].

Plaintiff then instituted this action in Mason County. It arises out of the same incident that gave rise to his previous failed efforts to perfect a claim against defendant. The case was again removed to this Court. Plaintiff's complaint alleges the following causes of action:

1. Wrongful constructive discharge;
2. Breach of promise of specific treatment;
3. Disability discrimination;
4. Negligent infliction of emotional distress;
5. Fraud;
6. Fraud by employment agent;
7. Negligence;
8. Outrage; and
9. Defamation.

This Court denied Defendant's motion to dismiss because it could not, under the law, recognize the prior 12(b)(6) orders as decisions on the merits since the Court also granted the 12(b)(5) motion to dismiss recognizing that it lacked jurisdiction over the matter. [Dkt. #22].

Plaintiff's motion for summary judgment permits the Court to re-visit the prior orders and adopt, where appropriate, the rationale and conclusions of these orders. Defendant's lengthy

1  Response and Motion to strike prompts the Court to consider the viability of Plaintiff's claims on
2  its own Motion.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### DISCUSSION

**1. Plaintiff's Wrongful Constructive Discharge Claim Fails as a Matter of Law.**

To succeed on a claim of wrongful discharge in violation of public policy, plaintiff must prove (1) the existence of a clear public policy, (2) that discouraging the conduct in which he engaged would jeopardize the public policy, and (3) that the public policy linked conduct caused the dismissal. *See Korsland v. CyrCorp Tri-Cities Servs.,Inc.,* 1S6 Wn.2d 168 (2005); *Hubbard*

*v. Spokane County*, 146 Wn.2d 699 (2002); *Gardner v. Loomis Armored, Inc.,* 128 Wn.2d 931 (1996).

In his prior order in Swift I, Judge Bryan, viewing the same facts as presented here, ruled that plaintiff presented no evidence to establish a clear public policy requiring a shipper have a scale on-site and that a load be weighted before a driver leaves a shipper and takes a load onto the public highways. He has not "stated a claim that he was discharged in violation of public policy." Swift I [Dkt. #14]. This Court agrees. The wrongful constructive discharge claim is **DISMISSED WITH PREJUDICE.**

2. **Plaintiff's Claim for Breach of Promise of Specific Treatment Fails as a Matter of Law.**

To establish a claim for breach of promise of specific treatment, plaintiff must prove the following elements: (1) that a statement (statements) in an employee manual or handbook or similar documents amounts to a promise of specific treatment in specific situations; (2) that the employee justifiably relied on the promise; and (3) that the promise was breached. *Korslund,* 156 Wn.2d at 184-85.

An oral promise made by a company representative to a single employee is not sufficient to form the basis for a claim of promise of specific treatment. *Winspear v. Boeing Co.,* 75 Wn. App. 870, 880 (1994). Here, the promise plaintiff alleges is that his manager told him in April 2007 that he would not be sent to shippers who did not have on-site scales and they repudiated that promise in July. The alleged promise was not written in any employee handbook or other official documents published by defendant to its employees. The claim for Breach of Promise of Specific Treatment is **DISMISSED WITH PREJUDICE.**

1     **3. Plaintiff's Claim for Disability Discrimination Fails as a Matter of Law.**

2     On this claim, plaintiff must prove that (1) he had a sensory, mental, or physical 3 abnormality that substantially limited his ability to perform the job; (2) he was qualified to 4 perform the essential functions of the job with or without the reasonable accommodation; (3) he 5 gave Swift notice of the abnormality and its substantial limitations; and (4) after notice, Swift 6 failed to adopt available measures that were medically necessary to accommodate the 7 abnormality. *See Becker v. Cashman*, 128 Wn. App. 79, 84 (2005); *Riehl v. Foodmaker, Inc.*, 8 152 Wn.2d 138, 145 (2004); *Roeber v. Dowty Aerospace Yakima*, 116 Wn. App. 127, 138-39 9 (2003). Plaintiff fails to meet the third element and this claim is **DISMISSED WITH** 10 **PREJUDICE.**

11     Plaintiff argues that, for a time, Swift accommodated his request not to pick up loads 12 from shippers without a scale. Swift must therefore have perceived him to be disabled. This 13 supposition is not sufficient to establish a prima facie case that Swift was on notice of any 14 disability suffered by plaintiff. *Collins v. Longview Fibre Co.,* 63 F.3d 828, 836 (9th Cir. 1995). 15 The defendant witnesses deny notice and there is a total lack of contrary evidence.

16     **4. Plaintiff's Fraud Claim is subject to Summary Adjudication.**

17     To establish common law fraud, plaintiff must prove: (1) representation of an existing 18 fact; (2) materiality; (3) falsity; (4) speaker's knowledge of its falsity; (5) speaker's intention that 19 it shall be acted upon by the plaintiff; (6) plaintiff's ignorance of falsity; (7) reliance; (8) right to 20 rely; and (9) damages. *Chen v. State*, 86 Wn. App. 183, 188 (1997).

21     Plaintiff's fraud claim is based on his claim that Swift assured him he would not have to 22 pick up loads from a shipper which did not have an operational scale. This claim is suspect to 23 anyone who knows anything about the trucking industry. In any event, it does not, and cannot as

24

a matter of law, constitute a "representation of existing fact" necessary to support a prima facie fraud claim.  It is also apparent that Plaintiff cannot establish either that he relied on any such representation, or that he had a right to do so, given the disputed but clear legal conclusion that shippers do not have any duty to have a scale on site.  Plaintiff's Fraud claim is **DISMSSED WITH PREJDUICE**.

**5. Plaintiff's Claim for Negligence is DISMISSED.**

For the reasons articulated by Judge Bryan in his January 7, 2010 Order in Swift I, plaintiff's claim of negligence is **DISMISSED WITH PREJUDICE**.  Defendant owes no duty at law to pay plaintiff's traffic citation.  Neither statutory law (RCW 46.44.120) nor common law creates a duty to reimburse employees for their traffic tickets.  Neither does the law impose a duty for trucking firms to steer clear of shipper clients who do not have an operating scale to confirm load weights before entering the public roadways.  No evidence or case law has been presented by plaintiff to support such a claim.

**6. Plaintiff's Claim for Negligent Infliction of Emotional Distress Fails as a Matter of Law.**

To succeed on his claim of negligent infliction of emotional distress, plaintiff must prove negligence – duty, breach, proximate cause, and damages plus the additional requirement of objective symptomatology of emotional distress.  *Kloepfel v. Bokor*, 149 Wn.2d 192, 198 (2003).  In the employment context, a claim for negligent infliction of emotional distress is not cognizable if resulting from an employer's disciplinary act or its response to a workplace personality dispute.  *Strong v. Terrell*, 147 Wn. App. 376, 387 (2008).  Assigning plaintiff to drive a load from a shipper without a scale simply does not breach any duty by Swift to provide a safe workplace.  Moreover, plaintiff has presented no evidence of objective symptoms of

1  emotional distress.  The claim for Negligent Infliction of Emotional Distress is **DISMISSED**
2  **WITH PREJUDICE.**

3  **7. Plaintiff's Claim for Outrage Fails as a Matter of Law.**

4  Judge Bryan reviewed the underlying facts of this case and dismissed the claim of
5  outrage in his Order of November 13, 2009 in Swift I [Dkt. #14] and his Order of December 3,
6  2009 [Dkt. #19].  For the reasons cited therein, the Outrage Claim is **DISMISSED WITH**
7  **PREJUDICE.**

8  **8. Plaintiff's Defamation Claims Fail as a Matter of Law.**

9  Plaintiff claims that he was defamed by Swift classifying him as "ineligible for rehire."
10 He submits no evidence to support either that the classification was made or its subsequent
11 publication.  To succeed on a claim for defamation, plaintiff must prove:  (1) falsity of an (2)
12 unprivileged communication, (3) fault and (4) damages.  *Mohr v. Grant*, 153 Wn.2d 812, 822
13 (2005).

14 Here, the statement made by Swift, if made, was privileged.

15 The federal government has detailed regulations governing reference checks for truck
16 drivers.  49 C.F.R. § 391.23.  Prospective employers have a duty to inquire with former
17 employers regarding a driver's employment history, and former employers have a duty to
18 provide that information upon request.  *Id*.  Former employees also have the right to review the
19 former employer's report and to attach a rebuttal if they disagree with anything contained in the
20 report.  *Id*.  To protect a former employer against the risk of being sued by a former employee for
21 providing such information to a prospective employer, the regulations have a safe harbor
22 provision which states:

23 > No action or proceeding for defamation, invasion of privacy, or
> interference with a contract that is based on the furnishing or use of

24

>   information in accordance with this section may be brought against –
>
>   (i) A motor carrier investigating the information, described in paragraphs (d) and (e) of this section, of an individual under consideration for employment as a commercial motor vehicle driver.
>
>   **(ii) A person who has provided such information, or**

49 C.F.R. § 391.23(1)(1).

Plaintiff's claim against Swift falls squarely within this safe harbor provision. Plaintiff's Defamation claim is DISMISSED WITH PREJUDICE.

**9. Washington Law Does Not Provide for Punitive Damages.**

Plaintiff alleges a right to punitive damages. Washington law does not provide for punitive damages because such damages are contrary to public policy. *Bau v. Interlay Citizens Bank of Tampa*, 96 Wn.2d 692 (1982). Plaintiff's claim for such damages fails as a matter of law and is DISMISSED WITH PREJUDICE.

For the foregoing reasons, plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. The Plaintiff's Motion for Summary Judgment [Dkt. #38] is **DENIED**. The Plaintiff's Motion for Preliminary Injunction [Dkt. #74] is **DENIED.** The Plaintiff's Motion for Discovery to Permit Telephonic Deposition [Dkt. #75] **is DENIED AS MOOT.**

Dated this 2nd day of March, 2011.

_Ronald B. Leighton_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE